**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BOSIT BOMMARITO III** | * **CIVIL ACTION NO.** |
| **VERSUS** | * **SECTION:** |
| **BELLE CHASSE MARINE TRANSPORTATION, LLC, BELLE CHASSE LAND TRANSPORTATION, LLC., BELLE CHASSE LAND TRANSPORTATION INC. AND BELLE CHASSE MARINE, LLC, & KONRAD HOLDINGS LLC** | * **JUDGE:** * **MAGISTRATE JUDGE:** |

* * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES (JURY TRIAL REQUESTED)**

The Complaint for Damages of Bosit Bommarito III, a person of the full age of majority who is domiciled in the Parish of Jefferson, State of Louisiana respectfully represents that:

I.

This action is a suit for personal injury brought under the Jones Act, 46 U.S.C. § 30104, and the general maritime law. Jurisdiction and venue are proper inasmuch as Complainant is a Jones Act seaman who suffered personal injury while in the course and scope of his employment aboard a vessel in navigation in the navigable waters of the United States and, more specifically, on the navigable waters of the Mississippi River within the geographical boundaries of Belle Chasse, Louisiana.

II.

**MADE DEFENDANTS HEREIN ARE:**

(1) Belle Chasse Marine Transportation, LLC, a Louisiana Limited Liability Company, which is authorized to do and doing business within the jurisdiction of this Honorable Court;

(2) Belle Chasse Land Transportation, LLC, a Louisiana Limited Liability Company, which is authorized to do and doing business within the jurisdiction of this Honorable Court;

(3) Belle Chasse Land Transportation, Inc. a Louisiana corporation which is authorized to do and doing business within the jurisdiction of this Honorable Court;

(4) Belle Chasse Marine, LLC, a Louisiana Limited Liability Company, which is authorized to do and doing business within the jurisdiction of this Honorable Court; and

(5) Konrad Holdings, LLC a Louisiana Limited Liability Company, which is authorized to do and doing business within the jurisdiction of this Honorable Court;

III.

On information and belief, defendants have common ownership and management. Under contractual relationships the nature of which are unknown to your Complainant, defendants cooperate to own and operate an identifiable fleet of vessels which navigate on the high seas or in the navigable waterways of the United States, more specifically, on the navigable waters of the Mississippi River; and defendants cooperate to employ the crews of these vessels. On further information and belief, the defendants identified above do business under the trade names "Belle Chasse Marine Transportation" and "Belle Chase Land Transportation, LLC." Defendants provide

launch services to vessels in the Mississippi River, including vessels at the Magnolia Dock in Magnolia, Louisiana, Plaquemines Parish. *See* **Exhibit 1** appended hereto and incorporated herein by reference ("Launch Services.")

IV.

At all times pertinent hereto and on or about Friday, November 13, 2020, the 80 Ton crane barge named the OC160 is part of the defendants' identifiable fleet of vessels. **See Exhibit 2** appended hereto and incorporated herein by reference ("*Our Fleet.*") The OC160 is a crane barge that moves from place to place in the Mississippi River in order to transport men and equipment to construction sites and in order to assist in maritime construction. At all times pertinent hereto, the crane barge OC160 was in navigation in the navigable waters of the Mississippi River in the vicinity of the Magnolia Dock in Magnolia, Louisiana.

V.

At all times pertinent hereto, the crane barge was in this location to assist in constructing a gangway which was intended to extend from the bank of the Mississippi into the river so that River Pilots could walk from the river bank to ships in navigation in the river to pilot ships safely up and down the river. The gangway construction method consisted of combining approximately seven 20 ft. segments of grating sheets welded together on-site, creating the pilot's gangway, about 140 feet in length. The gangway materials were transported by river aboard the vessel OC160 as part of its maritime mission. Using hooks fabricated by defendants, the crane barge crew would attach the appurtenance to the individual sections to be hoisted and lowered into place and welded together, forming one continuous gangway. While the gangway segments were being moved into position, a backhoe would be used to steady and support the increased linear weight of the combined load while the crane moved the gangway into position.

VI.

At all times pertinent hereto and on or about Friday, November 13, 2020, Complainant Bosit Bommarito III was a Jones Act seaman employed by defendants herein, assigned to work as a member of the crew of the vessel OC160, and carrying out his assigned tasks which were within the course and scope of his employment as a member of the crew. When the vessel was underway in navigation, the Complaintant would serve as a deckhand. The Complainant's duties contributed to the function of the crane barge OC160 or the accomplishment of its maritime mission. The Complainant had a connection to the vessel that was substantial in terms of both its duration and its nature. On this particular occasion, Complainant's assignment was to work aboard the vessel to assist in moving approximately seven 20 ft. gangway segments, then assist in welding the gangway segments into one gangway unit.

VII.

When the crew began working to move the welded combined gangway segments into position, a backhoe was on the job site to assist in weight lift management. Complainant's supervisor instructed the Complainant and the other crew members to lift the gangway by installing the defendant's hooks onto the gangway segments to complete the lift.

VII.

As more and more gangway segments became combined Complainant expressed concern about the increased weight and asked the supervisor to wait for the backhoe to be used, but the supervisor stated that he did not want to "waste" time waiting for the backhoe, so he insisted that the crew members proceed in attempting to move the gangway. Complainant was one of the crewmembers assigned to assist in this task. In accordance with the supervisor's instructions, the crew members attached the defendant's hooks to the gangway segment that consisted of approximately a

combined seven welded together sections forming one gangway. The crane operator recklessly lifted the combined segments without performing a rigging weight calculation.

VIII.

Complainant's job assignment required him to stand on the gangway segment as it was moved. Without the backhoe's support, the equipment was insufficient to lift the gangway segment successfully. The equipment failed. One of the specially fabricated hooks broke under strain. The weight of the combined welded gangway sections exceeded the safe crane lift capacity for the job materials and method utilized. The gangway segments fell. One of the two pounds homemade plate hooks broke loose and went flying and hit Complainant in the head, knocking Complainant onto the river batture.

IX.

As a result of this occurrence, Complainant Bosit Bommarito III (age 48) sustained serious, painful, disabling and/or permanent injuries including but not limited to injuries to his head, eye, skull, neck, shoulders, and spine. He has experienced concussion syndrome. His eye is sunken into his skull. He is experiencing neurological deficits that include tremors, uncontrolled nerve impulses, shaking hands and dropping objects he attempts to hold. He has been required to undergo surgery (a multi-level cervical fusion) and he will require additional medical treatment in future. He sustained a temporary total disability and has sustained a permanent partial disability the nature and extent of which is not fully known as he has not reached maximum cure.

X.

The aforementioned incident and resulting injuries sustained by complainant Bosit Bommarito III were caused by the negligence of defendants and/or the gross, willful, and wanton negligence and conscious indifference of defendants and/or the unseaworthiness of the vessel OC160 in the following particulars, among others which will be shown at the trial of this matter:

1) Defendants failed to provide the Complainant with a vessel, equipment, and crew which were reasonably fit and safe for the purposes for which it was intended to be used;

2) Defendants failed to provide Complainant with a safe place to work;

3) Defendants failed to provide Complainant with safe gear and appurtenances necessary to perform the task at hand and, instead, defendants provided Complainant with unsafe and insufficient gear and appurtenances which failed in use;

4) Defendants negligently failed to employ a safe method of work to move the gangway segments and, instead, defendants were negligent in using an unsafe method to move the gangway segments;

5) Defendants' supervisor was negligent in failing to wait for the backhoe and in failing to listen to crew member requests to wait for the backhoe;

6) Defendants' supervisor was negligent in selecting a method of moving the gangway segment which was contrary to applicable safety rules;

7) Defendants' crane operator was negligent in attempting to lift the gangway segments using an unsafe method without a safety rigging weight calculation;

8) Defendants failed to establish safe, appropriate procedures for conducting the operation in question, defendants failed to supply adequate equipment, gear and appurtenances,

and defendants failed to supply crew members who were competent and adequately trained to carry out the operation which was being conducted;

9) Defendants knew or should have known, prior to Complainant's injury, that the supervisor and/or the crane operator was/were unskilled, reckless, and/or impaired;

10) Defendants failed to enforce applicable safety rules;

11) Defendants failed to conduct a job safety analysis (J.S.A.) or safety meeting in connection with the operation being conducted;

12) Defendants were otherwise negligent in respects to be shown hereafter;

13) The vessel was otherwise unseaworthy in respects to be shown hereafter.

XI.

As a result of the fault of defendants described hereinabove, Complainant Bosit Bommarito III has suffered the injuries complained of herein, with resulting losses including the following: loss of past and future earnings, earning capacity and benefits; past and future pain and suffering, both physical and mental; past and future physical disability; past and future loss of life's pleasures and enjoyment; and past and future medical and related expenses. Complainant has not fully recovered from his surgery and the exact amount necessary to compensate Complainant for the injuries complained of herein cannot be fully determined at this time, but based on the evidence available to this point, it appears that Complainant's injuries are such that Complainant could reasonably be entitled to up to one million dollars in damages.

XII.

**MAINTENANCE AND CURE**

Bosit Bommarito III has not reached maximum cure and is entitled to receive maintenance and cure in an amount that adequately compensates him for his living and medical expenses.

XIII.

Defendants have failed to pay Complainant the full maintenance and cure to which he is entitled.

IV.

In the event that defendants are found to be arbitrary, capricious, willful, wanton, callous and/or unreasonable in this regard, Complainant is entitled to recover attorney fees, actual damages, and punitive damages caused by this failure, in an amount shown to be reasonable and due under the evidence.

XV.

**REQUEST FOR TRIAL BY JURY**

Complainant requests a trial by civil jury on all issues presented herein.

**WHEREFORE**, Complainant Bosit Bommarito III prays that there be judgment herein in his favor and against defendants BELLE CHASSE MARINE TRANSPORTATION, LLC, BELLE CHASSE LAND TRANSPORTATION, LLC, BELLE CHASSE LAND TRANSPORTATION, INC., BELLE CHASSE MARINE, LLC, AND KONRAD HOLDINGS LLC jointly, severally, and in solido or as their respective liabilities may otherwise appear, as follows:

I. For an award of damages in the amount of one million dollars ($1,000,000.00) or in such other amount as may be determined to be reasonable based on the evidence;

II. For maintenance and cure, and for attorney fees and actual and punitive damages in such amounts as may be shown to be reasonable based on the evidence;

III. For costs and interest on all amounts due, computed from the date of the injury, from the date of judicial demand, or as otherwise provided by law, at the legal rate or at the rate otherwise provided by law;

IV. FOR A TRIAL BY JURY.

Respectfully submitted by,

Donald F. de Boisblanc #4786
Donald F. de Boisblanc, Jr.#23462
Attorneys at Law
410 South Rampart Street
New Orleans, Louisiana 70112
(504) 586-0005
(504) 586-0007 fax
*Attorneys for Bosit Bommarito III*